Filed 4/22/26  P. v. Stanley CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARK STANLEY,<br><br>    Defendant and Appellant. | B342564<br>(Los Angeles County<br> Super. Ct. No. A776407) |

        APPEAL from a postconviction order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

        Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

Defendant Mark Stanley appeals from a postconviction order denying his petition for resentencing under Penal Code section 1170.91.[1]  His appointed appellate counsel filed a brief raising no issues and requesting we proceed under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant has filed his own supplemental brief.  We affirm.

## BACKGROUND

In 1987, defendant was convicted of second degree murder (§ 187, subd. (a)) and willful cruelty towards a child (§ 273a, subd. (1)) with a great bodily injury enhancement (§ 12022.7).  He was sentenced to life imprisonment with 15 years minimum parole eligibility plus a consecutive term of seven years.

In April 2022, defendant filed a petition for writ of habeas corpus and a motion for recall and resentencing under section 1170.91, subdivision (b), which provides a resentencing process for certain defendants who may suffer from a condition as a result of their military service.  Defendant sought immediate release from the remaining portion of his indeterminate sentence.  The trial court initially denied the resentencing motion.  In July 2022, however, the court reconsidered its ruling, found a prima facie case for resentencing eligibility, and appointed defendant counsel.  Following additional briefing, the submission of evidence, and the issuance of orders for defendant to appear remotely, the court held a suitability hearing in September 2024.  Defendant appeared remotely and was represented by appointed

---

[1]     Subsequent unspecified references to statutes are to the current or earlier version of the Penal Code, or to the present identical but renumbered version.

counsel at the hearing.  After taking the matter under submission, the court issued an order denying the motion.

## DISCUSSION

Where, as here, a defendant files a supplemental brief or letter in an appeal taken from a postconviction order, we must "evaluate the specific arguments presented in that brief" and issue a written opinion.  (*Delgadillo, supra*, 14 Cal.5th at p. 232.) Three arguments can be discerned in defendant's supplemental brief disputing the adjudication of his section 1170.91 motion. (See Cal. Rules of Court, rules 8.360(a), 8.204(a)(1).)

Before we address each argument, we conclude defendant is categorically ineligible for section 1170.91 relief.  At the time defendant filed his petition, section 1170.91 extended resentencing eligibility only to "defendants who were eligible for determinate sentences."  (*People v. Sherman* (2023) 91 Cal.App.5th 325, 329 (*Sherman*); see former § 1170.91, subd. (b), added by Stats. 2018, ch. 523, § 1, eff. Jan. 1, 2019.)  As defendant was (and is) currently serving the remainder of his indeterminate sentence for murder (see § 190, subd. (a)), he was ineligible for resentencing under former section 1170.91.  (See *People v. Estrada* (2020) 58 Cal.App.5th 839, 843.)

Legislative changes made to section 1170.91 during the pendency of defendant's motion did not change his eligibility. The changes did expand resentencing eligibility to indeterminately sentenced inmates.  (See current § 1170.91, subd. (b), as amended by Stats. 2022, ch. 721, § 1.)  At the same time, however, they "restricted eligibility by adding subdivision (c), a carve-out provision" that excludes persons like defendant convicted of super-strike offenses such as murder from

relief. (*Sherman, supra,* 91 Cal.App.5th at p. 330; see current §§ 1170.91, subd. (c), 667(e)(2)(C)(iv)(IV).) This exclusion applies to defendant despite him filing a motion before the exclusion took effect. (*Sherman*, at p. 333 [legislative changes apply retroactively to petitions "filed before January 1, 2023, including those pending on appeal"].)[2] Because defendant is categorically ineligible for section 1170.91 relief, we discern no error in the denial order.

We address defendant's arguments in turn. First, defendant argues the court erred by holding a status conference and not a public hearing. While we agree section 1170.91 requires a public hearing (see § 1170.91, subd. (b)(3)), one was held in this case in September 2024 in defendant's presence. (See *Harrison, supra,* 116 Cal.App.5th at pp. 1152 [section 1170.91 "does not require an *evidentiary* hearing" but only a public hearing on 15 days' notice].)

Next, defendant argues his trial counsel's failure to direct the court's attention to an updated psychological report resulted in the court's inability to consider all mitigating factors bearing

---

[2]      The trial court found these legislative changes did not apply retroactively to defendant, and considered but ultimately denied his section 1170.91 motion. We disagree with the court's findings as to the retroactivity of changes to section 1170.91 and defendant's resentencing eligibility. Instead, we agree with the discussions set forth in *Sherman* and *People v. Harrison* (2025) 116 Cal.App.5th 1145 (*Harrison*) concerning the remedial nature of section 1170.91 and why it applies retroactively. (See *Harrison*, at pp. 1154–1155; *Sherman, supra,* 91 Cal.App.5th at pp. 330–333.) Though we note our disagreement with the trial court's findings, they are immaterial to our decision. We review the trial court's order denying the motion, regardless of its reasoning. (*People v. Camacho* (2022) 14 Cal.5th 77, 123.)

on resentencing suitability.  We disagree.  Trial counsel filed the updated psychological report several months before the resentencing hearing.  Counsel filed two subsequent briefs discussing the psychological evaluation, as well as defendant's remorse, rehabilitative efforts, and plans for reentry.  Counsel discussed these mitigating factors at the suitability hearing.  On this affirmative record, nothing "suggests that the court did not take into consideration" these factors.  (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.)

Finally, defendant argues this court should follow section 1170.91, its legislative intent, and the reasoning of *People v. Hayde* (2025) 113 Cal.App.5th 587 (*Hayde*).[3]  As discussed, this court has followed the language and intent of section 1170.91.  *Hayde* does not compel a contrary result.  In that case, the trial court abused its discretion by finding Hayde unsuitable for resentencing because it relied on "improper considerations" and failed to consider other factors.  (*Id.* at p. 597.)  Specifically, the court erred by (1) relying on "the lack of a demonstrated nexus between Hayde's mental disorders and his commitment offenses;" (2) expressly refusing to consider Hayde's "exemplary rehabilitation efforts" during incarceration; (3) placing "considerable emphasis" on circumstances existing at the time of Hayde's original sentencing (and not thereafter); and (4) failing to recognize Hayde's sentence for committing nonviolent, possession-related offenses was "at least somewhat excessive" when compared to sentences imposed for more serious offenses.  (*Id.* at pp. 597–601.)  No similar impropriety exists in this case.

---

[3]    Defendant's supplemental brief discusses *Hayde* without providing a citation to the decision.

**DISPOSITION**

The postconviction order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, J.

We concur:



ZUKIN, P. J.



COGLIATI, J. **

---

**      Judge of the Santa Cruz County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.

6